SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV–15–183

| | |
|---|---|
| JAMES KELLEY and JEWELL KELLEY<br>APPELLANTS<br><br>V.<br><br>CINDY WILLIAMS<br>APPELLEE | **Opinion Delivered** OCTOBER 28, 2015<br><br>APPEAL FROM THE UNION COUNTY CIRCUIT COURT<br>[NO. CV-12-357]<br><br>HONORABLE MICHAEL R. LANDERS, JUDGE<br><br>AFFIRMED |

**DAVID M. GLOVER, Judge**

The sole issue in this appeal is whether the trial court erred in denying appellants' claim of a prescriptive easement across appellee's real property. We affirm.

In 1965, appellant Jewell Kelley acquired real property on the south side of Mount Holly Road in Union County. In 1983, Cliff Swilley purchased the real property immediately to the east of Mrs. Kelley's property. There was an old log road on the west side of Mr. Swilley's property. In 1987, a number of landowners[1] sued Mr. Swilley to enjoin him from blocking their access to the road after he placed a gate across the road; the trial court found that the named landowner-plaintiffs had acquired a private prescriptive easement over the roadway and that, while Mr. Swilley could leave the gate in place, it should be unlocked

---

[1]The plaintiffs in that case were Anthony Forest Products Company, J.R. Haney, James Haney, Wade Lee, Mrs. H.W. Meek, James Willett, M.H. Willett, and Timothy Willett.

SLIP OPINION

so that the named plaintiffs could use it.[2] In 1988, appellee Cindy Williams purchased Mr. Swilley's property with knowledge of the 1987 lawsuit; she and her husband (who died in 2001) never closed the gate and, in fact, removed it because it was in disrepair (it was not replaced before Mr. Williams's death).

In 2005, appellant James Kelley, Jewell Kelley's son, purchased from Dorothy Marks eight acres directly south of Mrs. Kelley's property. In 2008, Mrs. Kelley purchased another thirty-three-acre tract from Wayne King that was immediately to the south and west of her son's property. The Kelleys used the road on Mrs. Williams's property to access their later-acquired back properties from 2005 until 2010, at which time Mrs. Williams built a pipe fence down the common property line and placed a locked gate on the road.[3]

We review equity cases de novo on the record and will not reverse a finding of fact by the trial court unless it is clearly erroneous. *Dohle v. Duffield*, 2012 Ark. App. 217, 396 S.W.3d 780. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. *Id*. In reviewing a trial court's findings, due deference is given to that court's superior position to determine witness credibility and the weight to be accorded their testimony, as disputed facts and the determination of credibility of witnesses

---

[2]Neither the Kelleys nor any of their predecessors in title were parties to the 1987 lawsuit.

[3]There are discrepancies as to the date Williams denied the Kelleys access. The Kelleys' amended petition for injunction asserts that the gate was placed across the road on or about September 30, 2008; the order denying the easement finds that Williams disallowed use in 2008. However, the testimony from both James Kelley and Cindy Williams was that the pipe fence and the gate were erected in 2010.

are within the province of the fact-finder.  *Id.*

Appellants argue that none of the persons in their separate chains of title to their properties had sought or obtained permission for their use of the road, and that they now, as a matter of right, were entitled to have access to the road on Mrs. Williams's property.  We disagree.

In *Carson v. County of Drew*, 354 Ark. 621, 625–26, 128 S.W.3d 423, 425–26 (2003) (citations omitted), our supreme court held:

> A prescriptive easement may be gained by one not in fee possession of the land by operation of law in a manner similar to adverse possession.  ("Prescription is the acquisition of title to a property right which is neither tangible nor visible (incorporeal hereditament) by an adverse user as distinguished from the acquisition of title to land itself (corporeal hereditament) by adverse possession.")  Like adverse possession, "prescriptive easements . . . are not favored in the law, since they necessarily work corresponding losses or forfeitures in the rights of other persons." In Arkansas, it is generally required that one asserting an easement by prescription show by a preponderance of the evidence that one's use has been adverse to the true owner and under a claim of right for the statutory period.  This court has said that the statutory period of seven years for adverse possession applies to prescriptive easements.  That statutory period for adverse possession is set out in Ark. Code Ann. § 18-61-101 (1987).  *See also* Ark. Code Ann. § 18-11-106 (Supp. 1999) (enacted as Act 776 of 1995).

> Overt activity on the part of the user is necessary to make clear to the owner of the property that an adverse use and claim are being exerted.  Mere permissive use of an easement cannot ripen into an adverse claim without clear action, which places the owner on notice.  Some circumstance or act in addition to, or in connection with, the use which indicates that the use was not merely permissive is required to establish a right by prescription.  The determination of whether a use is adverse or permissive is a fact question, and former decisions are rarely controlling on this factual issue.  The plaintiff bears the burden of showing by a preponderance of the evidence that there has been adverse, not permissive, use of the land in question.

Pursuant to *Carson*, the Kelleys were required to show that, for a period of at least seven years, the road had been used adversely to Mrs. Williams's right, that such use was not

3

simply permissive, and that Mrs. Williams was on notice that such use was indeed adverse to her. There was testimony that other persons had occasionally used the road to access the property behind Mrs. Williams's property for various reasons, but that evidence was not sufficient to show such use was adverse to Mrs. Williams's interests. The Kelleys' use of Mrs. Williams's driveway did not commence until 2005, when James Kelley purchased the eight acres immediately behind his mother's property. His use was discontinued in 2010 when Mrs. Williams put up the pipe fence and a locked gate. This amount of time falls short of the seven-year period required to obtain an easement by prescription. Thus, the trial court's decision to deny appellants a prescriptive easement is not clearly erroneous.

Affirmed.

WHITEAKER and BROWN, JJ., agree.

*James B. Bennett*, for appellants.

*Burbank Dodson & Barker, PLLC*, by: *Don B. Dodson*, for appellee.